**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-2388**

———————

CINDY B. HUNT,

        Plaintiff - Appellant,

    v.

BRANCH BANKING & TRUST COMPANY; DANNY FOGLE; CATHY LAMBERT;
JUDY TEAL; KACI SANSBERRY; MARK BOOZ; DAVID CRAVEN,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  J. Michelle Childs, District
Judge.  (4:09-cv-02151-JMC)

———————

Submitted:  April 24, 2012        Decided:  May 16, 2012

———————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Cindy B. Hunt, Appellant Pro Se.  Steven Barry Licata, Columbia,
South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cindy B. Hunt filed suit against the Branch Banking & Trust Company ("Bank") and individual Bank employees, alleging false entry in a bank statement under 18 U.S.C. § 1005 (2002), computer fraud under 18 U.S.C. § 1030 (2008), and violation of privacy under 15 U.S.C. §§ 6801-6809 (2010), as well as numerous state law claims. The district court granted Defendants' motion to dismiss Hunt's Second Amended Complaint, and denied Hunt's subsequent motion to alter or amend its judgment. Hunt now appeals. We have reviewed the record and find no reversible error. Accordingly, we affirm.

Hunt first challenges the district court's denial of her motion to alter or amend its judgment. We review the denial of a Fed. R. Civ. P. 59 motion to alter or amend a judgment for abuse of discretion. Sloas v. CSX Transp., Inc., 616 F.3d 380, 388 (4th Cir. 2010). The district court "necessarily abuses its discretion when it makes an error of law." Id. (citing Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009)). "[T]here are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

2

On appeal, Hunt fails to highlight a change in controlling law, present new evidence, or identify a clear error of law. Although Hunt contends that the district court erred in failing to analyze her Rule 59(e) motion under Fed. R. Civ. P. 60(b) or Fed. R. Civ. P. 60(d)(3) based upon excusable neglect and fraud on the court, we find that Hunt would not have been entitled to relief under Rule 60(b) or 60(d). Accordingly, the district court did not abuse its discretion in denying Hunt's motion to alter or amend judgment.

Hunt next asserts that the district court erroneously declined to exercise supplemental jurisdiction over Hunt's state law claim for violation of privacy under S.C. Code Ann. §§ 37-20-110 to 37-20-200 (2008) after dismissing all claims over which it had original jurisdiction. We review a district court's decision declining to exercise supplemental jurisdiction over state law claims for abuse of discretion. Jordahl v. Democratic Party of Va., 122 F.3d 192, 203 (4th Cir. 1997); see also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished."). If a district court has original jurisdiction over a civil action, it shall also have supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367(a) (2000).

3

However, the district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

In the interest of avoiding "[n]eedless decisions of state law," the Supreme Court has stated that, when "federal claims are dismissed before trial . . . state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, we find that the district court did not abuse its considerable discretion in declining to exercise supplemental jurisdiction over Hunt's state law claim for violation of privacy.

Hunt also challenges the district court's denial of her Fed. R. Civ. P. 56(h) motions for sanctions. We review the denial of a motion for sanctions for an abuse of discretion. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990). On appeal, Hunt fails to present factual allegations to support her conclusory statement that the district court abused its discretion in declining to impose sanctions. We therefore find that the district court did not abuse its discretion in denying Hunt's motions for sanctions.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED